918 F.2d 958
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rose WARD, Petitioner-Appellant,
v.
William S. HOWARD, Judge, Joe Lee, Chief Judge, Respondents-Appellees.
 No. 90-6316.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1990.
 
 Before KENNEDY and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 Petitioner appeals the district court's order of October 5, 1990, denying petitioner's motion for extension of time to file a statement of issues to be included in a record on appeal from a ruling of the bankruptcy court and a statement of issues, as well as a motion for continuance of a hearing to be held on October 2, 1990, and for a ruling on the writ of mandamus which is the basis of her district court action.
 
 
 3
 This court lacks jurisdiction as purely administrative decisions of a district court, such as the denial of the continuance, may not be appealed under 28 U.S.C. Sec. 1291. See In re Rini, 782 F.2d 603, 606-07 (6th Cir.1986).[1] In addition, this is not a final, appealable decision in the mandamus action as it does not terminate all issues presented in the litigation on the merits, leaving nothing to be done except to enforce by execution what has been determined. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373 (1981).
 
 
 4
 It is ORDERED that the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 [1]
 Although the record in this case contains papers regarding an appeal from the bankruptcy court, the district court action is solely a mandamus action